**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| JOHN CECIL CLEMENTS, JR., #650510 | § | |
| VS. | § | CIVIL ACTION NO. 6:06cv540 |
| DIRECTOR, TDCJ-CID | § | |

ORDER ADOPTING REPORT AND RECOMMENDATION

The Court referred the above-entitled and numbered civil action to United States Magistrate Judge John D. Love.  The Magistrate Judge presented for consideration the Magistrate Judge's Report, containing proposed findings of fact and recommendations for disposition of this case.

Petitioner filed objections to the Report.  Petitioner's Objections state that the one-year limitations period started to run, at the earliest, on March 22, 2005, when the Parole Board denied Petitioner's Motion to Reopen Hearing.  Petitioner's Amended Objections state that the one-year limitations period started to run on March 22, 2005, when the Parole Board denied Petitioner's Motion to Reopen Hearing.  Petitioner's Second Amended Objections address the merits of his petition but not the time bar issue.

The period of time the Petitioner's motion for rehearing was pending before the Parole Board was not a collateral review.  Moreover, Texas law does not require a prisoner to file a motion to reopen a revocation hearing prior to filing a state application for a writ of habeas corpus. Tex. Admin. Code Ann. § 145.45 (Vernon 2001); *Ex parte Evans*, 964 S.W. 643, 646-47 (Tex. Crim. App. 1998) (a parole revocation can be challenged by way of an application for a writ of habeas corpus). Petitioner has not cited any federal case law that states that a hearing to reopen a revocation hearing is a form of other collateral review for purposes of tolling the statute of limitations.  This Court has made a *de novo* review of Petitioner's objections and determined that they lack merit.

After filing these three sets of objections, Petitioner filed a Motion for Judgment on the

Pleadings based on his contention that the one-year limitations period started to run, at the earliest, on March 22, 2005, when the Parole Board denied Petitioner's Motion to Reopen Hearing. This contention lacks merit; however, even if Petitioner's assertion regarding the time bar were correct, that would mean that he would be entitled to review of his petition, not that he is entitled to a judgment in his favor.

This Court finds that the Magistrate Judge's findings and conclusions are correct, and adopts them as the Court's findings and conclusions. The Court therefore

**ORDERS**, **ADJUDGES,** and **DECREES** that this action is **DISMISSED WITH PREJUDICE**;

**ORDERS** that Petitioner's Motion for Judgment on the Pleadings is **DENIED** (dkt#13);

**ORDERS** that Petitioner is denied a certificate of appealability; and

**ORDERS** that all motions not previously ruled on are denied.

**So ORDERED and SIGNED this 17th day of September, 2007.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**